**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDRE McRAE,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee,

and

HILL, S.I.S Lt. at USP-Coleman 2; et al.,

Defendants.

No. 18-17280

D.C. No. 4:15-cv-00439-RM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted July 8, 2020[**]

Before: SCHROEDER, CANBY, and TROTT, Circuit Judges.

Federal prisoner Andre McRae appeals pro se from the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in his Federal Tort Claims Act ("FTCA") action alleging claims arising from an attack on McRae by a fellow inmate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion by denying McRae's requests for additional discovery pursuant to Fed. R. Civ. P. 56(d) and to continue summary judgment because McRae did not diligently pursue discovery during the time allotted by the district court. *See* Fed. R. Civ. P. 56(d); *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (lack of diligence in discovery supports denial of request to continue summary judgment).

The district court properly granted summary judgment on the ground of a lack of subject matter jurisdiction because defendants are immune from liability on McRae's claims under the "discretionary function" exception to the FTCA. *See* 28 U.S.C. § 2680(a); *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991) (the discretionary function exception covers acts that are "discretionary in nature" and "based on considerations of public policy"). In *Alfrey v. United States*, 276 F.3d 557, 565 (9th Cir. 2002), we held that a prison official's judgment concerning what steps to take in response to a threat involves the kind of discretion protected by the discretionary function exception. The undisputed facts of this case fall squarely

2                                                                                    18-17280

within *Alfrey.*

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**